## COMMONWEALTH CASUALTY COMPANY v. KINCAID.

[No. 12,710.    Filed April 21, 1927.]

1. INSURANCE.—*Evidence held to sustain finding that insured's illness was lobar pneumonia notwithstanding inconsistent verified statement.*—In action on a health insurance policy, evidence *held* sufficient to warrant a finding that the insured suffered from lobar pneumonia, notwithstanding his verified statement in making proof of his loss that his illness was bronchial pneumonia, a disease not covered by his policy.    p. 83.

2. APPEAL.—*Exclusion of physician's statement in proof of loss as to character of illness in action on health insurance policy held not prejudicial.*—A claimant for a loss under a health insurance policy made proof of his claim, stating, among other things, that the sickness for which he made claim was bronchial pneumonia, and accompanied said proof by his physician's verified statement to the same effect.    *Held*, that the exclusion of the physician's certificate as to the character of the illness was harmless error, if any, since claimant's affidavit contained an admission of the same sort.    p. 84.

From Howard Circuit Court; *John Marshall*, Judge.

Action by Jesse A. Kincaid against the Commonwealth Casualty Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*   By the court in banc.

*Bell, Kirkpatrick, McClure & Elliott*, for appellant.

*Forrest E. Jump* and *Overson & Manning*, for appellee.

REMY, J.—Action on policy of health insurance which provided for a weekly indemnity of $25 for time insured was confined to his home under care of physician—the diseases covered by the policy being specified. It is averred in the complaint that appellee had suffered from lobar pneumonia. Trial of the cause resulted in a verdict and judgment for appellee for $125.

Overruling motion for new trial is assigned as error. Two grounds for new trial are urged: (1) That the verdict is not sustained by sufficient evidence; and (2) that the court erred in excluding from the evidence the physician's statement included in appellee's proof of illness.

The policy did not cover bronchial pneumonia, and on the trial, the question arose as to whether the disease suffered by appellee was bronchial or lobar
1. pneumonia. There was evidence that appellee was confined to his home under care of a physician for a continuous period of five weeks. Evidence was also introduced giving in detail appellee's physical condition and appearance and the exclamations of pain and suffering made by appellee during the time of his illness. In addition, there was testimony of physicians as to the symptoms by which lobar and bronchial pneumonia could be distinguished. One physician who examined and treated appellee after the expiration of the five weeks' period, but before he had recovered from his sickness, testified that from the history of the case, and from his examination of appellee, it was his opinion that appellee had lobar pneumonia. Clearly, there is some evidence that appellee was suffering from lobar pneumonia during the time for which he claimed, and for which the jury gave him, indemnity.

Before filing his complaint in this cause, appellee, as required by the terms of his policy, made proof of his

claim, stating among other things that the sickness for which he made claim was bronchial pneumonia. Accompanying the proofs, and as a part thereof, was the verified statement of appellee's physician that the illness of appellee was bronchial pneumonia. On the trial, appellant introduced in evidence, without objection, the verified statement which appellee had made in his proofs, but the physician's statement was excluded. It is urged by appellant that the action of the court in excluding this evidence is reversible error. We do not concur in this view.

Appellant concedes that the physician's certificate which accompanied the proofs of sickness was not competent evidence to prove the nature of his sickness, but contends that since the certificate was presented to appellant insurance company as a part of his proofs, it operated as an admission by him against his interest, and was admissible for that purpose—the only purpose for which the evidence was offered. In support of the contention the following cases are cited: *Buffalo Loan, etc., Co.* v. *Knights Templar, etc., Assn.* (1891), 126 N. Y. 450, 27 N. E. 942, 22 Am. St. 839; *Krapp* v. *Metropolitan Life Ins. Co.* (1905), 143 Mich. 369, 106 N. W. 1107, 114 Am. St. 651. If appellant is right in this contention (a question which it is unnecessary to decide), the court's ruling could not have been harmful to appellant, for appellee's affidavit containing his admission of the same fact was in evidence.

Affirmed.

Dausman, J., absent.